## 10394

### WELCH v. ATLANTIC COAST LINE RAILROAD COMPANY.

(102 S. E. 786.)

1. WATERS AND WATERCOURSES — UNPRECEDENTED RAINFALL WHICH FLOODED PLAINTIFF'S LANDS ACT OF GOD.—An unprecedented rainfall, which flooded plaintiff's lands that were adjacent to railroad right of way, must be deemed an act of God for which the railroad company is not responsible, regardless of the responsibility of it for impounding waters and preventing their escape.

2. WATERS AND WATERCOURSES — RESPONSIBILITY OF RAILROAD FOR IMPOUNDING WATERS HELD FOR JURY.—Where a railroad company as directed by the railway commission closed an open drain, substituting a pipe, and plaintiff, whose lands were flooded by unprecedented rains, asserted that the pipe was not sufficient outlet, the question whether the pipe was a *sufficient outlet,* it not appearing that the commission prescribed the size or number of pipes, is for the jury, for the company cannot exonerate itself without showing the unprecedented rain was the sole cause of the injury.

Before GARY, J., Lee, Fall term, 1918. Affirmed.

Action by L. D. Welch against the Atlantic Coast Line Railroad Company. From a judgment for plaintiff, defendant appeals.

*Messrs. H. E. Davis* and *Thomas H. Tatum.* for appellant, submit: *It was error to refuse to direct a verdict or to grant a new trial as to the first, second and third causes of action on the ground that there was no evidence that appellant collected and threw upon or impounded upon the land and crops of plaintiff-respondent surface water which would not have otherwise reached:* 62 S. C. 18; 62 S. C. 25; 104 S. C. 16; 71 S. C. 241. *It was error to refuse to direct a verdict or to grant a new trial on the ground that there was no proof of negligent construction of the defendant's drainpipe or culvert, which is claimed to have been responsible for the injury alleged in the three last causes of action:* 61 S. C. 548; 97 S. C. 293; 34 S. C. 62; 67 S. C. 181; 71 S. C. 156; 83 S. C. 315; 88 S. C. 15. *It was error to refuse to*

·direct a verdict or to grant a new trial on the ground that the proof showed that the culvert to carry all water that could reasonably be expected to pass through the stream at that point: 67 S. C. 197. It was error to refuse to direct a verdict or to grant a new trial for the reason that the entire evidence shows that the injury complained of by the plaintiff was due to an act of God, to wit, an unprecedented storm and flood: 29 S. C. 96; 65 S. C. 502; 80 S. C. 207; 91 S. C. 61; 95 S. C. 485.

*Messrs. McLeod & Dennis,* for respondent, submit: *That inasmuch as the evidence shows negligence on the part of appellant in the construction of its drain, it cannot plead act of God, because it negligently constructed its ditches in a manner that contributed to the result:* 60 S. E., p. 695; 79 S. C. 310; 65 S. C. 509; 65 S. C. 543.

April 12, 1920.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an appeal from a refusal of the presiding Judge to direct a verdict for the defendant, on the ground that there was no evidence that the negligence of the defendant was the proximate cause of the injury to the plaintiff.

The plaintiff planted lands along the railroad of the defendant, in part owned by the plaintiff and in part rented by him from another. The lands of the plaintiff are flat, and there is very slight fall for the water. The plaintiff complained that the defendant drained its roadbed over a large area and threw it in large volume upon plaintiff's land; that there was an open waterway about 15 feet wide at the plaintiff's land, and the defendant closed the waterway by putting in an iron pipe, only 3 feet in diameter, and closed the remaining portion of the waterway; that the 3-foot pipe was insufficient to carry off the accumulated water and caused it to pond in plaintiff's field and· destroyed

his crop to his damage in the sum of $400. There was a verdict for the plaintiff for $300, and from the judgment entered on this verdict this appeal is taken.

About the essential facts there is but little dispute. There was testimony for the plaintiff that the water from the extended area did not come to the plaintiff's land, and on motion to direct a verdict this must be taken to be true.

There is evidence, and it is undisputed, that about the middle of July, 1916, there was an unprecedented rainfall; that the average rainfall for six months fell in the month of July, 1916; that the crops on some 700,000 acres of land in South Carolina were seriously injured or destroyed; that there was no record of such a rainfall in this State.

There had been trouble here before, and the defendant claimed that the plaintiff was estopped because, when the trouble arose in 1912, the defendant paid the plaintiff $300 to fix the drains, and, if the drains were inadequate, it was the plaintiff's fault and not the fault of the defendant. There was evidence that the defendant had extended the drained area after the plaintiff finished his work. This also must be taken against the defendant on this motion.

1. There is no evidence, however, that this land had been covered with water in ordinary times or at any other time, except as to the result of this storm. If there was any conflict of testimony as to the nature or extent of this storm, then the case should have gone to the jury on that question. The defendant pleaded the act of God as to the water that went upon the land, and upon this there was no dispute. It is undisputed and indisputable, so far as the record shows, that accumulation of the water on the plaintiff's crops was the act of God, for which defendant is not responsible.

2. The plaintiff claims further that the defendant was negligent in closing the waterway so as to prevent the escape

of the water from plaintiff's land; that the defendant knew from previous controversies that the fall was very slight, and, in consequence thereof, the movement of the water would be slow; and that it was negligence to reduce the flow from 15 feet to 3 feet. The defendant's answer to that was that the water came from plaintiff's field, through another drain only 2 feet wide, and that a drain 3 feet wide could carry away about twice the water that would come through a drain 2 feet wide, and, besides, that the railroad commission of this State ordered them to close open waterways and put in pipes, and they merely complied with the orders of the State authorities, and the defendant is not responsible for the damage.

There was evidence that there was other water than that which came from plaintiff's field, and evidence from which the jury might have inferred that the plaintiff's drain was closed by backwater from the railroad. There is nothing in the record to show that the railroad commission fixed the size of the drainpipes or the number to be used at any particular place. It was for the jury to say whether the size of the pipe was sufficient, under all the circumstances. In order to relieve itself, the defendant must show that the act of God was the sole cause. Was it the sole cause? That was a question for the jury, and his Honor was right in refusing to direct a verdict.

The judgment is affirmed.